IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAWRENCE L. BLANKENSHIP,
    Plaintiff,

vs.                                            Case No. 3:11cv172/MCR/EMT

JUDGE MICHAEL G. ALLEN,
    Defendant.

## REPORT AND RECOMMENDATION

This cause is before the court upon Plaintiff's amended civil rights complaint filed pursuant to Title 28 U.S.C. § 1331 or § 1346 (Doc. 6). The filing fee has been paid (Doc. 1).

The lone defendant in this action is Escambia County Circuit Judge Michael G. Allen, who presided over Plaintiff's appeal of a county court case.[1] Plaintiff asserts various transgressions by Judge Allen, primarily involving procedural matters in his case. For instance, Plaintiff alleges that Judge Allen and the "clerk of appeals" who is not named as a defendant in this action, failed to contact Plaintiff to advise him that additional records were needed for his appeal (Doc. 6 at 6), that Judge Allen denied Plaintiff's appeal due to his failure to submit the records (*id*. at 6–7, 8), that Judge Allen's ruling was not in accordance with the Florida Rules of Appellate Procedure (*id.* at 8), that Judge Allen's actions resulted in Plaintiff being denied "just compensation" and were an "unlawful exercise of judicial power" (*id*. at 9), and that Judge Allen improperly denied Plaintiff the opportunity to conduct oral argument (*id.* at 10). As relief, Plaintiff seeks an order requiring Judge

---

[1] The case in question is Escambia Circuit Case 2009 AP 00016, Blankenship v. Parks, an appeal of County Court Case 2009 SC 000169. *See* Doc. 5, exh. 2 and http://www.escambiaclerk.com/xml/xml.asp?ucase_id=9816818, last accessed on May 18, 2011.

Allen to pay compensatory and punitive damages for the judge's alleged failure to perform his duty, for his dereliction of duty, etc. (*id.* at 11–12).

To the extent Plaintiff wants this court to sit in appellate review of Judge Allen's order, this court lacks jurisdiction to do so.  Federal district courts exercise only original jurisdiction; they lack appellate jurisdiction to review state court decisions reached in administrative and judicial proceedings.  District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct 1303, 1311–12, 75 L. Ed. 2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923).  The principles espoused in the Rooker and Feldman decisions have become known as the Rooker-Feldman doctrine.  Under the Rooker-Feldman doctrine, federal district courts do not have jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.  Review of those decisions may be had only in [the Supreme Court on certiorari]."  Berman v. Fla. Bd. of Bar Exam'rs, 794 F.2d 1529, 1530 (11th Cir. 1986) (quoting Feldman, 460 U.S. at 486).  Furthermore, under the Rooker-Feldman doctrine, a federal court "may not decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment.'"  Datz v. Kilgore, 51 F.3d 252, 253 (11th Cir. 1995) (citing Staley v. Ledbetter, 837 F.2d 1016, 1018 (11th Cir. 1988) (quoting Wood v. Orange County, 715 F.2d 1543, 1546 (11th Cir. 1983)).  A federal claim is "inextricably intertwined" with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."  Datz, 51 F.3d at 253–54 (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25, 107 S. Ct. 1519, 1533, 95 L. Ed. 2d 1 (1987) (Marshall, J., concurring)).  This court cannot determine such inextricably intertwined claims even if the federal claim was not raised in state court, as long as there was a reasonable opportunity to do so.  Liedel v. Juvenile Court of Madison County, Ala., 891 F.2d 1542, 1545 & n.4 (11th Cir. 1990) (citing Wood, 715 F.2d at 1546–47).  Plaintiff does not indicate that he appealed or sought any review in state court before filing the instant case.  It also does not appear that any federal claims were raised in state court, and therefore under Rooker-Feldman this court lacks jurisdiction to review the state court judgment.

Additionally, as Plaintiff was previously advised (*see* Doc. 4), his claim for damages cannot stand because Judge Allen is immune from suit.  28 U.S.C. § 1915(e)(2)(B)(iii).  Judges acting in

their judicial capacity are absolutely immune from damages suits. Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing Mitchell v. Forsyth, 472 U.S. 511, 526–27, 105 S. Ct. 2806, 2815–16, 86 L. Ed. 2d 411 (1985)); Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); *see also* Sibley v. Lando, 437 F.3d 1067,1070 (11th Cir. 2005). Whether a judge's actions were taken while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. Sibley, 37 F.3d at 1070. "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)); Mireles, 502 U.S. at 11, 112 S. Ct. at 288 (judicial immunity not overcome by allegations of bad faith or malice). Furthermore, the immunity is retained even if it is alleged that the judge conspired with other parties to bring about a deprivation of another's rights. Dykes v. Hosemann, 776 F.2d 942, 946 (11th Cir. 1985) (en banc) (citations omitted). Sibley, 437 F.3d at 1070. Immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction over the subject matter. Stump v. Sparkman, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 1104–05, 55 L. Ed. 2d 331 (1978) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871)); Mireles, 502 U.S. at 11, 112 S. Ct. at 288; Forrester v. White, 484 U.S. 219, 227, 108 S. Ct. 538, 544, 98 L. Ed. 2d 555 (1988); Dykes, 776 F.2d at 948 (judge who has subject matter jurisdiction, but no personal jurisdiction retains immunity) (citing cases in accord). No such allegations are present here.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be dismissed because this court lacks jurisdiction to conduct appellate review of orders entered in the state court proceedings.

At Pensacola, Florida this 23rd day of May 2011.

>*/s/ Elizabeth M. Timothy*
>**ELIZABETH M. TIMOTHY**
>**UNITED STATES MAGISTRATE  JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).